UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY TIDWELL, Individually, | : |
| Plaintiff, | : |
| vs. | : Case No. |
| ACKERMAN-MIDTOWN ASSOCIATES, LLC, a Georgia Limited Liability Company, | : |
| Defendant. | : |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, TIMOTHY TIDWELL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, ACKERMAN-MIDTOWN ASSOCIATES, LLC, a Georgia Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.  Plaintiff, Timothy Tidwell, is an individual residing in Atlanta, GA, in the County of Fulton. The subject facility, Midtown Promenade is located within one mile of Mr. Tidwell's home.

2. Defendant's property, Midtown Promenade, is located at 931 Monroe Dr. NE, Atlanta, GA 30308, in the County of Fulton.

3. Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Timothy Tidwell is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Tidwell has a history of severe knee arthritis. He can walk only short distances without using a wheelchair. Timothy Tidwell has visited the property which forms the basis of this lawsuit on numerous occasions. Mr. Tidwell plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

6. Defendant owns, leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with

the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Midtown Promenade, and is located at 931 Monroe Dr. NE, Atlanta, GA 30308.

7. Timothy Tidwell has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Mr. Tidwell has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Timothy Tidwell desires to visit Midtown Promenade not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10

or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Midtown Promenade has shown that violations exist. These violations, which were personally encountered or observed by Plaintiff Timothy Tidwell include, but are not limited to:

### Accessible Route

A. The Plaintiff had difficulty traversing the curb ramp in front of the Mellow Mushroom, due to the curb ramp side flares exceeding a 10% slope, in violation of Section 406.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The Plaintiff had difficulty with the accessible route to the facility as the pavement is uneven and cracked in the access aisles leading to the various entrances of the facility, in violation of Sections 502.4 and 302 of the 2010 ADA Standards.

C. The Plaintiff had difficulty with the accessible route, as the access aisles leading to the facility entrances have cross slopes exceeding 3%, in violation of Section 502.4 the 2010 ADA Standards.

D. The Plaintiff had difficulty in utilizing curb ramps due to the changes in level, in violation of Section 405.4 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The Plaintiff had difficulty utilizing the curb ramps dues to the accumulation of water at the landing, in violation of Section 405.10 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common Areas

F. The Plaintiff had difficulty eating outside of Trader Joe's, Nathan's Hot Dog, and the Mellow Mushroom due to the tables not providing compliant knee and toe clearance, in violation of Section 306.2.1 in the ADA Standards, whose resolution is readily achievable.

G. The Plaintiff had difficulty at Nathan's Hot Dog due to the service

counter exceeding the maximum height, in violation of Sections 904.4.1 and 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### The Mellow Mushroom

H. The Plaintiff had difficulty eating at the Mellow Mushroom due to the height of the bar and tabletop seating exceeding its maximum height, in violation of Section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

I. The Plaintiff had difficulty utilizing the fixed seating at the Mellow Mushroom, in violation of Sections 226.1, 305, 306, and 902.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

J. The Plaintiff had difficulty using the service counter at the Mellow Mushroom due to it exceeding its maximum height, in violation of Section 904.4 in the 2010 ADA Standards, whose resolution is readily achievable.

### The Mellow Mushroom Restroom

K. The Plaintiff had difficulty utilizing the restroom dispensers inside the Mellow Mushroom due to the dispensers exceeding the maximum height, in violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

L. The Plaintiff had difficulty utilizing the dispensers (paper and soap) in the restroom at the Mellow Mushroom due to there being no clear floor space to allow for a forward approach, in violation of Sections 305.3 and 305.6 in the 2010 ADA Standard, whose resolution is readily achievable.

M. The Plaintiff had difficulty utilizing the bathroom stall at the Mellow Mushroom due to no compliant level handles on both sides of the door, as well as it not being a self-closing door, in violation of Section 604.8.1 in the 2010 ADA Standards, whose resolution is readily achievable.

    N.    The Plaintiff had difficulty utilizing the grab bar in the restroom at the Mellow Mushroom due to the position of the grab bar not providing 1 ½ inch between the toilet paper and the grab bar, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

10. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas

of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Midtown Promenade to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by

closing the facility until such time as the Defendant cures its violations of the ADA.

    **WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    e.      The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

This the 13th day of March 2020.

>/s/ *Jon David W. Huffman*
>Jon David W. Huffman, Esq.
>GA Bar No. 937966
>Poole Huffman, LLC
>3562 Habersham at Northlake
>Building J, Suite 200
>Tucker, GA 30084
>(404) 373-4008
>jondavid@poolehuffman.com
>
>John P. Fuller, Esq., *pro hac vice pending*
>Fuller, Fuller & Associates, P.A.
>12000 Biscayne Blvd., Suite 502
>North Miami, FL 33181
>(305) 891-5199
>(305) 893-9505 - Facsimile
>jpf@fullerfuller.com
>
>*Counsel for Plaintiff Timothy Tidwell*

Counsel certifies that this filing is in an acceptable type and font, in accordance with L.R. 5.1(B) and (C), NDGA.